**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Earl Albert BEDUNA, Defendant-**
**Appellant.**

**No. 16610.**

United States Court of Appeals
Sixth Circuit.

April 27, 1966.

148

Kent J. Vana, Grand Rapids, Mich., for appellant.

James W. Eardley, Grand Rapids, Mich. (Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., on the brief), for appellee.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Defendant-appellant was found guilty by a jury of forging an indorsement on a United States Treasury check in violation of 18 U.S.C. § 495 and was sentenced to a prison term of five years. His defense was that he had a note signed by the payee of the check giving him permission to cash it. The payee testified that he had not given any such permission and had not signed such a note. The note of authorization was not introduced in evidence during the trial.

Ten days after he was sentenced, defendant filed a motion for a new trial on grounds of newly discovered evidence, claiming that his wife had found the handwritten note which gave him permission to cash the check.

At defendant's request the district court appointed a handwriting expert at the expense of the Government to determine, if possible, whether either defendant or his wife was the author of the note. The theory of the district court was that if neither defendant nor his wife had written the note, presentation of such a note at the trial could have affected the outcome and the defendant would be entitled to a new trial. The handwriting expert rendered an opinion to the effect that the note in question was written by defendant and not by the payee of the check. The district court thereupon denied the motion for a new trial and defendant has appealed.

In this court defendant relies upon Rule 33, Federal Rules of Criminal Procedure, which authorizes the district court to grant a new trial to a defendant "if required in the interest of justice," contending that he should be granted a new trial and that the jury should be permitted to determine the authenticity of the note of authorization.

The granting or refusing of a new trial upon grounds of newly discovered evidence rests in the sound discretion of the trial court. A new trial will not be granted unless such evidence probably would bring about a different result. United States v. Lewis, 338 F.2d 137 (C.A. 6), cert. denied, 380 U.S. 978, 85 S.Ct. 1342, 14 L.Ed.2d 272, and cases therein cited.

We hold that the district judge did not abuse his discretion in concluding that the introduction of the note and the testimony of the handwriting expert probably would not bring about a different result in this case.

The judgment of the district court is affirmed.

Appreciation is expressed to Mr. Kent J. Vana of the bar of Grand Rapids, Michigan, for his services as court-appointed counsel for defendant both in this court and in the district court.